U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED  LAFAYETTE

OCT 09 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

Triangle Construction Co., Inc.                                         Civil Action No. 14-02259

versus                                                                                   Judge Richard T. Haik, Sr.

Evangeline Estates, LLC                                              Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court is a Motion For Judgment on the Pleadings filed by plaintiff, Triangle Construction Co., Inc., [Rec. Doc. 23] and defendant, Evangeline Estates, L.L.C.'s, Opposition thereto [Rec. Doc. 27]. This action arises from a construction contract dispute between plaintiff, Triangle Construction Company, Inc. ("Triangle"), and defendant Evangeline Estates LLC ("Evangeline"). On June 5, 2012, Triangle and Evangeline entered into an "Affordable Rental Homes" Contract ("Contract") for Triangle to construct on Evangeline's property affordable rental homes known as "Evangeline Estates," located in Ville Platte, Louisiana. *R. 1, ¶ 6*. The Contract designated the Project Architect. *R. 1-2, Exh. B, p. 1*. Section 5 of the Contract provided for the terms of payment to Triangle by Evangeline. *R. 1, ¶ 8*. Pursuant to Section 5.2.1.2, the application for "final payment" could only occur when the Architect issues a "final Certificate for Payment." *Id.* Section 5.1.7 of the Contract stated:

§5.1.7 The progress payment amount determined in accordance with Section 5.1.6 shall be further modified under the following circumstances:
  .1    add, upon Substantial Completion of the Work, a sum sufficient to increase the total payments to the full amount of the Contract Sum, less such amounts as the Architect shall determine for incomplete Work, retainage applicable to such unsettled claims; and

. . .

  .2    add, if final completion of the Work is thereafter materially delayed through no fault of the Contractor, any additional amounts payable in accordance with Section 9.10.3 of [the Contract].

*R.1, ¶9, Exh. B.*

On September 12, 2013, the Architect issued a Certificate of Substantial Completion ("Certificate") signifying the houses were nearly complete and ready for occupancy.[1] *R. 1, Exh. C.* The Certificate was also signed by a representative of Triangle on October 8, 2013 after stating that the punch list work would be completed within 30 days from the date of Substantial Completion, and by a representative of Evangeline on September 20, 2013 after stating that Evangeline "accepts the Work or designated portion as substantially complete and will assume full possession at 12:01 A.M. on September 12, 2013." *Id.* Thereafter, the surety company that issued the performance bond executed a "Consent of Surety to Final Payment" form on November 25, 2013. *R. 1-4, Exh. D.*

Triangle asserts in its motion for judgment on the pleadings that, despite the fact that the Architect and the performance-surety on this project both consented to the final payment to Triangle (less the $14,250.00 withheld to complete the "punch list" items), Evangeline has failed to make the remaining progress payments. Triangle further asserts that, in its Answer, Evangeline admits the material facts and exhibits supporting the motion, and therefore, Triangle is entitled to the relief as pleaded in its Complaint.[2] Contrary to Triangle's representation, however, Evangeline's Answer states the following:

> [Evangeline] has not paid certain progress payments because work performed by [Triangle] was not completed and/or was completed in a defective, unworkmanlike manner in violation and in breach of the terms of the Contract. More specifically, [Evangeline] asserts that [Triangle] failed to properly grade and seed the property and consequently the property has not properly drained and has experienced significant erosion .... [which] greatly exceed the sum of $14,250.00.

---

[1] The architect attached to the Certificate a punch list for an estimated $14,250.00 of work that had not been completed under the contract. *Id.*

[2] Triangle alleges that Evangeline owes it the principal amount of $245,931.27 in unpaid progress payments as well as pre-judgment interest in the amount of 8% per annum beginning on September 20, 2013, costs and reasonable attorney's fees. *R. 1, ¶¶ 18-20.*

2

*R. 20, ¶ 14.* Evangeline further asserts as an affirmative defense that Triangle breached the contract by failing to complete all work required under the Contract and/or in completing the work in a defective manner. *R. 20, ¶¶ 21, 22.*

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." *Id.* "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

Here, the pleadings clearly present a genuine issue of material fact. In its Answer, Evangeline denies the allegations Triangle raises in its Complaint. Considering the parties' clear disagreement about the material facts, the Court finds that a judgment on the pleadings is inappropriate. Accordingly,

**IT IS ORDERED** that the Motion For Judgment on the Pleadings filed by plaintiff, Triangle Construction Co., Inc., [Rec. Doc. 23] is **DENIED**.

Thus done and signed this 8th day of October, 2014 at Lafayette, Louisiana.

Richard T. Haik, Sr.
U.S. District Judge